UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SORAIDA VASQUEZ,

    Plaintiff,

        v.                                                                                                                          No. 3:17-cv-00183(WIG)

NANCY A. BERRYHILL,
Acting Commissioner of
Social Security,

    Defendant.

_____X

## RULING ON PENDING MOTIONS

This is an administrative appeal following the denial of the plaintiff, Soraida Vasquez's, application for Title II disability insurance benefits ("DIB") and Title XVI supplemental security income benefits ("SSI"). It is brought pursuant to 42 U.S.C. § 405(g).[1]

Plaintiff now moves for an order reversing the decision of the Commissioner of the Social Security Administration (the "Commissioner"), or in the alternative, an order remanding her case for a rehearing. [Doc. # 18]. The Commissioner, in turn, has moved for an order

---

[1] Under the Social Security Act, the "Commissioner of Social Security is directed to make findings of fact, and decisions as to the rights of any individual applying for a payment under [the Act]." 42 U.S.C. §§ 405(b)(1) and 1383(c)(1)(A). The Commissioner's authority to make such findings and decisions is delegated to administrative law judges ("ALJs"). *See* 20 C.F.R. §§ 404.929; 416.1429. Claimants can in turn appeal an ALJ's decision to the Social Security Appeals Council. *See* 20 C.F.R. §§ 404.967; 416.1467. If the appeals council declines review or affirms the ALJ opinion, the claimant may appeal to the United States district court. Section 205(g) of the Social Security Act provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C § 405(g).

1

affirming her decision. [Doc. # 25]. The undersigned heard oral argument on February 7, 2018.[2] For the following reasons, Plaintiff's motion for an order reversing or remanding the ALJ's decision is granted, and the Commissioner's motion for an order affirming that decision is denied.

## LEGAL STANDARD

"A district court reviewing a final . . . decision [of the Commissioner of Social Security] pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), is performing an appellate function." *Zambrana v. Califano*, 651 F.2d 842 (2d Cir. 1981). "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, [are] conclusive . . . ." 42 U.S.C. § 405(g). Accordingly, the district court may not make a *de novo* determination of whether a plaintiff is disabled in reviewing a denial of disability benefits. *Id.*; *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the court's function is to first ascertain whether the Commissioner applied the correct legal principles in reaching her conclusion, and then whether the decision is supported by substantial evidence. *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987). Therefore, absent legal error, a decision of the Commissioner cannot be set aside if it is supported by substantial evidence. *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982). Further, if the Commissioner's decision is supported by substantial evidence, that decision will be sustained, even where there may also be substantial evidence to support the plaintiff's contrary position. *Schauer v. Schweiker*, 675 F.2d 55, 57 (2d Cir. 1982).

---

[2] At oral argument, counsel for both sides did an outstanding job. Counsel were well-prepared and articulated their positions thoughtfully.

Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Substantial evidence must be "more than a scintilla or touch of proof here and there in the record." *Williams*, 859 F.2d at 258.

## BACKGROUND

a. **Facts**

Plaintiff filed her applications for DIB and SSI on November 16, 2012, alleging a disability onset date of March 22, 2011. Her claims were denied at both the initial and reconsideration levels. Thereafter, Plaintiff requested a hearing. On May 13, 2015, a hearing was held before administrative law judge Jason Mastrangelo (the "ALJ"). On June 3, 2015, the ALJ issued a decision denying Plaintiff's claims. The Appeals Council denied review of the ALJ's unfavorable decision. This action followed.

Plaintiff was 47 years old on the date of the hearing before the ALJ. (R. 57). She has a high school education and past work experience as a home health aide, assembly machine operator, and certified nursing assistant. At oral argument, the parties stipulated to Plaintiff's medical history as set forth collectively in the briefing. The Court adopts the medical chronology as represented and incorporates it by reference herein.

b. **The ALJ's Decision**

The ALJ followed the sequential evaluation process for assessing disability claims. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (R. 26). At step two, the ALJ found the following severe impairments: degenerative disc disease of the cervical spine; partial left rotator cuff tear; degenerative joint disease. (R. 26). At step three, the ALJ found that Plaintiff does not have an impairment or

combination of impairments that meets or medically equals the severity of one of the listed impairments. (R. 28). Next, the ALJ determined Plaintiff retains the following residual functional capacity[3]:

> Plaintiff can perform less than the full range of light work: she can lift and/or carry up to 20 pounds occasionally and 10 pounds frequently. She can sit for 6 hours and stand or walk for 6 hours in an 8 hour workday. She cannot reach overhead with the non-dominant left upper extremity, may occasionally reach overhead with the right dominant upper extremity, and may occasionally operate hand controls bilaterally. She may never crawl or climb ladders, rope, or scaffolding. She can frequently climb ramps or stairs.

(R. 29-34). At step four, the ALJ found Plaintiff was unable to perform her past relevant work. (R. 34). Finally, at step five, the ALJ relied on the testimony of a vocational expert to find that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (R. 35). Accordingly, the ALJ found Plaintiff not to be disabled.

## **DISCUSSION**

The Social Security Act defines disability as "[an] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1). In order to determine whether a claimant is disabled, the ALJ must follow the Commissioner's five-step evaluation process.[4]

---

[3] Residual functional capacity ("RFC") is the most a claimant can do in a work setting despite her limitations. 20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1).
[4] The five steps are as follows: (1) the Commissioner considers whether the claimant is currently engaged in substantial gainful activity; (2) if not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities; (3) if the claimant has a "severe impairment," the Commissioner must ask whether, based solely on the medical evidence, the claimant has an impairment which "meets or equals" an impairment listed in Appendix 1 of the regulations. If so, and it meets the durational requirements, the Commissioner will consider him or her disabled, without considering vocational factors such as age, education, and work experience; (4) if not, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has the residual functional

4

When, as it must, the Court keeps in mind the substantial evidence standard, this case is a very close call. At oral argument, both sides were very well represented. In the final analysis, because the Court cannot say that the ALJ's RFC determination is supported by substantial evidence, this matter must be remanded.

When determining a claimant's RFC, the ALJ is required to take into account the claimant's reports of pain and other limitations. Since the ALJ is not required to accept the claimant's subjective complaints without question, the ALJ must weigh the credibility of the claimant's complaints in light of the other evidence of record. *Taylor v. Astrue,* No. 3:09-cv-1049, 2010 WL 7865031, at *9 (D. Conn. Aug.31, 2010). The regulations set forth a two-step process for this evaluation. First, the ALJ must determine whether the claimant suffers from a medically determinable impairment that could reasonably be expected to produce the symptoms alleged. 20 C.F.R. §§ 404.1529(a); 416.929(a). Next, the ALJ must determine "the extent to which [the claimant's] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence" of record. *Id.*

In making the RFC finding, the ALJ discounted Plaintiff's credibility, stating as follows: "medical evidence here does not fully support the claimant's complaints and allegations of disability." (R. 30). The ALJ's listed reasons for not finding Plaintiff fully credible include that she engaged in only "conservative treatment" which did not include "a course of injections" or

---

capacity to perform his or her past work; and (5) if the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work in the national economy which the claimant can perform. 20 C.F.R. §§ 404.1520 (a)(4)(i)-(v); 416.920(a)(4)(i)-(v). The claimant bears the burden of proof on the first four steps, while the Commissioner bears the burden of proof on this last step. *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014).

"under[going] surgery" for her cervical spine or left shoulder. (R. 32). These two findings are factually inaccurate.

The record clearly indicates that Plaintiff was proscribed, and was in fact treated with, epidural steroid injections. (*See* R. 440-41, 463, 832). In addition, the record plainly reflects that Plaintiff's treatment providers recommended surgical treatment on several occasions. (*See* R. 713, 717, 936, 940). Thus, the ALJ based his credibility assessment on a misreading of the record that implies that Plaintiff's limitations and impairments were less severe than they may in fact have been. Therefore, the ALJ based his RFC assessment on an inaccurate reading of the record. This faulty reading of the evidence calls into question the overall supportability of the RFC. While the ALJ does list other reasons for discounting Plaintiff's credibility, the opinion indicates that the ALJ strongly considered Plaintiff's "conservative" treatment history when determining her RFC. For example, he declined to give controlling weight to the opinions of two of Plaintiff's treating physicians in part because he reasoned that the restrictive limitations they assessed were inconsistent with Plaintiff's treatment history. (*See* R. 33, 34, discounting the opinions of Dr. Krishna and Dr. Capiola). Since the ALJ's evaluation of the opinion evidence *and* of Plaintiff's subjective complaints was based on inaccurately reading the record in *two* significant ways, the Court is unable to find that substantial evidence supports the RFC. *See Jazina v. Berryhill*, No. 3:16-CV-01470 (JAM), 2017 WL 6453400, at *8 (D. Conn. Dec. 13, 2017) (explaining that "[a]lthough an ALJ's credibility finding should stand even if he makes some errors in that analysis, such a finding should not stand where the errors *significantly* detract from the ALJ's overall credibility analysis.") (emphasis added) (internal quotation marks and citation omitted).

Accordingly, this matter is remanded to the Commissioner for additional proceedings. Upon remand, the ALJ will make a new credibility finding that accurately takes into account the record as a whole. The ALJ will also re-weigh the opinion evidence of record, again, taking into account the entirety of Plaintiff's treatment history.

## **CONCLUSION**

For the reasons set forth above, Plaintiff's motion to reverse, or in the alternative remand [Doc. # 18] is GRANTED and the Commissioner's motion to affirm [Doc. # 25] is DENIED. This case is remanded to the Social Security Administration for further proceedings consistent with this Ruling.

This is not a recommended ruling. The consent of the parties allows this magistrate judge to direct the entry of a judgment of the district court in accordance with the Federal Rules of Civil Procedure. Appeals can be made directly to the appropriate United States Court of Appeals from this judgment. *See* 28 U.S.C. § 636(c)(3); Fed.R.Civ.P. 73(c). The Clerk's Office is instructed that, if any party appeals to this Court the decision made after this remand, any subsequent social security appeal is to be assigned to the Magistrate Judge who issued the Ruling that remanded the case.

SO ORDERED, this  12th   day of February, 2018, at Bridgeport, Connecticut.

                                       */s/ William I. Garfinkel*
                                       WILLIAM I. GARFINKEL
                                       United States Magistrate Judge