UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SOARIDA VASQUEZ,

     Plaintiff,

         v.                                    Civ. No. 3:17-cv-00183(WIG)

ANDREW M. SAUL,
Commissioner of
Social Security·

     Defendant.

**RULING ON MOTION FOR ATTORNEY'S FEES**

On July 24, 2020, Soriada Vasquez filed an amended motion for attorney's fees under 42 U.S.C. §406(b)(1). (ECF No. 57). Attorney Howard Olinsky submitted an affidavit in support of the award, indicating he sought payment of $32,528.00, representing 25% of the total past-due benefits, at an hourly rate of $791.44, for 41 hours of work performed at the federal level. (ECF No. 58; ECF No. 60 at 4). Of those hours, 32.1 hours were billed by attorneys and 9 hours were billed by paralegals. The fee request here amounts to the 25% of the retroactive benefit, the fee the Plaintiff and Olinsky Law Group agreed to in the Retainer Agreement. (ECF No. 58)

On August 4, 2020, the Government filed a response noting that the Court must determine whether the amount of the fee requested under section 406(b) is reasonable and should be awarded. (ECF No. 60). It is undisputed that Plaintiff's fee application was timely and that she is a prevailing party.

For the reasons that follow, the motion is granted.

I.     <u>Background</u>

Plaintiff applied for disability benefits on November 16, 2012, alleging she had been disabled as of March 22, 2011. Her application was denied at all levels of the Social Security

Administration ("SSA") review. On January 24, 2017, Plaintiff signed a retainer agreement authorizing the law firm of Olinsky Law Group, ("Olinsky") to appeal the denial of benefits to this Court. The retainer agreement provided that if Plaintiff's case is remanded to the SSA, and, upon remand, Plaintiff is awarded past due benefits, Plaintiff will pay Olinsky up to twenty-five percent of any award of past due benefits. On February 12, 2018, this Court issued an order remanding the case for further administrative proceedings. Based on the successful district court appeal, Plaintiff was awarded attorney's fees under the Equal Access to Justice Act ("EAJA") in the amount of $7,296.89. Upon remand to the SSA, Olinsky was able to secure an award of benefits dating back to March 22, 2011, in the amount of $157,202. The SSA awarded past due benefits to Plaintiff on July 5, 2020, in a Notice of Award. Olinsky now moves for an award of attorney's fees in the amount of $38,528.00, which represents 25% of the retroactive benefits Plaintiff was awarded.

II.     Discussion

Section 406(b) of the Social Security Act permits the court to award reasonable attorney's fees to a successful claimant's attorney, provided those fees do not exceed twenty-five percent (25%) of the amount of past-due benefits awarded to the claimant. 42 U.S.C. §406(b); *see also Gisbrecht v. Barnhart,* 535 U.S. 789, 807 (2002); *Wells v. Sullivan,* 907 F.2d 367, 370 (2d Cir. 1990). In reviewing a request for fees under §406(b), "a court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case; and the best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations." *Wells,* 907 F.2d at 371. Even where, as here, the requested fee does not exceed the twenty-five percent upper limit, the attorney "must show that the fee sought is reasonable for the services rendered." *Gisbrecht,* 535 U.S. at 807. Thus,

§406(b) "does not displace contingent-fee agreements within the statutory ceiling; instead, §406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Id*. at 808-09.

In determining reasonableness, the court "must begin with the agreement, and … may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." *Wells,* 907 F.2d at 371. Courts consider several factors in determining the reasonableness of a fee under § 406(b), including

> 1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved;" 2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and 3) whether 'the benefits awarded are large in comparison to the amount of time counsel spent on the case,' the so-called "windfall" factor.

*Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456 (W.D.N.Y. 2005) (citing *Gisbrecht*, 535 U.S. at 808).

The Court finds the fee requested to be reasonable. First, there is no suggestion the fee is out of line with the character of the litigation or the results achieved. Nor is there any suggestion Olinsky unreasonably delayed the proceedings in any way. Rather, Olinsky achieved success in reversing the SSA's decision and obtaining benefits for Plaintiff in a case involving a hearing before the ALJ and an appeal before this Court. Accordingly, the Court must determine whether an award of the fee requested would amount to a windfall for Olinsky.

When determining whether an award of attorney's fees constitutes a windfall, courts consider factors such as

> 1) whether the attorney's efforts were particularly successful for the plaintiff, 2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, 3) whether the case was handled efficiently due to the attorney's experience in handling social security cases.

3

*Baron v. Astrue*, 311 F. Supp. 3d 633, 637 (S.D.N.Y. 2018) (quoting *Blizzard v. Astrue*, 496 F.Supp.2d 320, 323 (S.D.N.Y. 2007).

Application of these factors weigh in favor of the fee request.  There is no dispute Olinsky secured a favorable result for Plaintiff.  Plaintiff was ultimately found disabled as of her original alleged disability onset date and was awarded past-due benefits accordingly.  Olinsky's submissions to the Court have not been rote recitations of law but have instead focused on applying relevant facts to the facts germane to the issues on appeal.  Furthermore, the attorneys handling Plaintiff's case has significant experience representing claimants exclusively in the area of Social Security disability at both the administrative and federal court levels.  Having reviewed the attorney's itemization of time spent on this case, the Court finds the case was handled efficiently, likely because of the expertise of the lawyer involved.

Finally, considering the quality of results achieved, and the effectiveness of counsel, the hourly rate of fees requested here is reasonable.  In assessing the effective hourly rate an award would produce, "courts [must be] mindful that deference should be given to the freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate and of an attorney's willingness to take the case despite the risk of nonpayment." *Valle v. Colvin*, No. 13-CV-2876 (JPO), 2019 WL 2118841, at *3 (S.D.N.Y. May 15, 2019) (citation omitted) (internal quotations marks omitted).  "Accordingly, a reduction in the agreed-upon contingency amount should not be made lightly, particularly given the importance of encouraging attorneys to accept social security cases on a contingency basis." *Id.* (citations omitted) (internal quotations marks omitted).  In this case, the Government estimates that the requested fee award would result in a *de facto* hourly rate of approximately $791.44.  (ECF No. 60 at 4). While on the higher side, courts within this Circuit have held that similar *de facto* hourly rates are not a windfall to

Plaintiff's counsel.  *See id.* (hourly rate of $1,079.72 reasonable); *Begej v. Berryhill*, No. 3:14-cv-128(WIG), 2019 WL 2183105, at *2 (D. Conn. May 21, 2019) (hourly rate of $1,289.06 reasonable); *Dolcetti v. Saul*, No. 3:17-cv-1820(VAB), 2020 WL 2124639, at *5 (D. Conn. May 5, 2020) (citing cases);  *Nieves v. Colvin*, No. 13CIV1439WHPGWG, 2017 WL 6596613, at *2 (S.D.N.Y. Dec. 26, 2017), *report and recommendation adopted,* No. 13CV1439, 2018 WL 565720 (S.D.N.Y. Jan. 24, 2018) (hourly rate of $1,009.11 reasonable); *Kazanjian v. Astrue*, No. 09 CIV. 3678 BMC, 2011 WL 2847439, at *2 (E.D.N.Y. July 15, 2011) (hourly rate of $2,100 reasonable); *Eric K. v. Berryhill*, No. 5:15-CV-00845 (BKS), 2019 WL 1025791, at *3 (N.D.N.Y. Mar. 4, 2019) (hourly rate of $1,500 reasonable).

In sum, the Court concludes the award of attorney's fees sought is reasonable in this case and does not constitute a windfall to counsel.

## III.   Conclusion

For the foregoing reasons, Plaintiff's motion for $32,528.00 in attorneys' fees is granted, provided that Olinsky Law Group refunds to Plaintiff the amount of the EAJA award previously received.  *See Rodriguez v. Colvin*, 318 F. Supp. 3d 653, 658 (S.D.N.Y. 2018) ("Fee awards may be made under both the EAJA and §406(b), but the claimant's attorney must refund to the claimant the amount of the smaller fee.").

SO ORDERED, this 18th day of August 2020 at Bridgeport, Connecticut.

*/s/ William I. Garfinkel*
WILLIAM I. GARFINKEL
United States Magistrate Judge