UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------- x
:
SORAIDA VASQUEZ                      :          3:17 CV 183 (RMS)
*Plaintiff*                          :
                                     :
V.                                   :
                                     :
KILOLO KIJAKAZI¹                     :
*Defendant*                          :          JULY 21, 2021
                                     :
------------------------------------------------------- x

RULING ON THE PLAINTIFF'S MOTION TO ALTER JUDGMENT

I.   BACKGROUND

On February 8, 2017, the plaintiff filed a civil action in this Court seeking review of the final decision of the Commissioner of Social Security denying her applications for Disability Insurance Benefits and Supplemental Security Income. (Doc. No. 1). On February 12, 2018, this Court (Garfinkel, J.) issued a Ruling on the Plaintiff's Motion to Reverse or Remand ("Ruling") remanding the case to the Commissioner for additional proceedings. (Doc. No. 38). On May 14, 2018, the plaintiff requested attorney's fees under the EAJA in the amount of $7,296.89 (Doc. No. 41), which was granted on June 21, 2018. (Doc. No. 43). On August 18, 2020, the Court granted the plaintiff's Motion for Attorney's Fees under 42 U.S.C. § 406(b) in the amount of $32,528. (Doc. No. 61; *see* Doc. Nos. 44-45, 57-58, 60). In accordance with *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), the Court ordered the plaintiff's counsel to refund the EAJA award to the plaintiff. (Doc. No. 61 at 5). On January 12, 2021, the Social Security Administration authorized the plaintiff's hearing representative to collect attorney's fees totaling $18,515.00 for the work

---

¹Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted, therefore, for Andrew Saul as the defendant in this suit. *See* 42 U.S.C. § 405(g).

performed at the administrative level, pursuant to 42 U.S.C. § 406(a). (Doc. No. 62-2). Pursuant to the terms set forth in the "Authorization to Charge and Collect a Fee," the representative's authorized fee could be paid by the Commissioner "out of the past-due benefits[,]" but if the direct payment of benefits "does not cover the total authorized fee, the outstanding balance is a matter for [the representative] and the claimant to resolve." (Doc. No. 62-2 at 10). Because the Social Security Administration awarded the plaintiff past-due benefits on July 5, 2020 and withheld 25% of the back benefits for the payment of attorney's fees, and because the Court awarded the plaintiff's counsel that 25% of those retroactive benefits under § 406(b) on August 18, 2020 (Doc. No. 61), the Social Security Administration has released all available funds awarded in this case, leaving no retained funds to disburse to the plaintiff's hearing representative.

On May 21, 2021, the plaintiff filed the pending Motion to Alter Judgment (Doc. No. 62) in which he seeks relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) to allow the plaintiff's counsel to forward the EAJA award to the plaintiff's hearing representative to satisfy a portion of the approved 406(a) award, rather than refunding the EAJA award to the plaintiff, since the plaintiff's hearing representative has not received the $18,515.00 in fees. (Doc. No. 62 at 1 & 3 (noting that the plaintiff's "hearing representative has not received any compensation for his work on this case")). On the same day, the case was transferred to the undersigned. (Doc. No. 63). On June 11, 2021, the defendant filed its response in opposition (Doc. No. 65), and on June 18, 2021, the plaintiff filed a reply brief. (Doc. No. 66)

For the reasons stated below, the plaintiff's Motion to Alter Judgment (Doc. No. 62) is DENIED.

II.  **LEGAL STANDARD**

Rule 60(b) of the Federal Rules of Civil Procedure empowers the court to "relieve a party . . . from a final judgment, order, or proceeding" for several reasons. FED. R. CIV. P. 60(b). The enumerated reasons include, "mistake, inadvertence, surprise, or excusable neglect"; "newly discovered evidence"; "fraud"; or, "any other reason that justifies relief." FED. R. CIV. P. 60(b)(1)-(3) & (6). Motions, such as this one, made for "any other reason that justifies relief" under Rule 60(b)(6) must be "made within a reasonable time[.]" FED. R. CIV. P. 60(b)(6). Rule 60(b) motions are left to the "sound discretion of the district court and are generally granted only upon a showing of exceptional circumstances." *Mendell v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990) (citation omitted), *aff'd* 111 S. Ct. 2173 (1991) (citation omitted); *see also Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012).

III.  **PARTIES' ARGUMENTS**

The plaintiff argues that relief from judgment is proper under the United States Supreme Court's holding in *Culbertson v. Berryhill*, 139 S. Ct. 517 (2019), which, the plaintiff argues, allows for the payment of 25% past-due benefits to both the hearing representative and the federal court attorney, for a total of 50% of the past-due benefits. (Doc. No. 62-1 at 1-2). The plaintiff argues that the agency's "inaction to increase the amount of its withholding leads to one of the two attorneys not receiving their authorized payment of attorney's fees." (Doc. No. 62-1 at 3). Accordingly, the plaintiff seeks relief from judgment to allow the plaintiff's federal court counsel to forward the EAJA award to the plaintiff's hearing representative to satisfy a portion of the $18,515.00 award under 42 U.S.C. § 406(a). (*Id.* at 1).

The defendant counters that agency guidance found in the Program Operations Manual System ("POMS") dictates that the "total sum of direct payments that SSA is responsible for

making to all representatives who performed services on a claimant's behalf at the administrative and court level cannot exceed 25% of the claimant's past[-]due benefits." (Doc. No. 65 at 4) (citation omitted). Furthermore, according to the POMS, "[w]here, as here, the total authorized fees paid to representatives in a concurrent benefits claim exceeds the amount withheld from past[-] due benefits[,] 'the representative must collect the balance from the claimant.'" (*Id.* (quoting POMS GN 03920.017D.1)). In other words, according to the defendant, the plaintiff's hearing representative must collect the attorney's fees directly from the plaintiff, and this Court cannot inset itself into that process by altering its judgment to order that the EAJA fee should be transferred to the plaintiff's hearing representative, rather than to the plaintiff herself.

IV. <u>DISCUSSION</u>

The Social Security Act allows for a reasonable attorney fee to be awarded both for representation at the administrative level, *see* 42 U.S.C. § 406(a), as well as for representation before the Court, *see* 42 U.S.C. § 406(b). *See Culbertson*, 139 S. Ct. at 520. Under § 406(b), the Court may award a reasonable fee to the attorney who has successfully represented the claimant in federal court, not to exceed twenty-five percent of the past-due benefits to which the social security claimant is entitled. 42 U.S.C. § 406(b)(1)(A); *Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002).

The Court finds the defendant's reliance on the POMS persuasive, but not binding. "[T]he POMS is a policy and procedure manual that employees of the [agency] use in evaluating Social Security claims and does not have the force and effect of law." *Davis v. Sec'y of HHS*, 867 F.2d 336, 340 (6th Cir. 1989); *accord Tejada v. Apfel*, 167 F.3d 770, 775 (2d Cir. 1999) (holding that the policies found in the POMS "have no legal force and they do not bind the Commissioner"); *Evelyn v. Schweiker*, 685 F.2d 351, 352 n.5 (9th Cir. 1982); *Raymond v. Barnhart*, 214 F. Supp.

2d 188, 191 (D.N.H. 2002) ("The POMS is not a regulation enacted pursuant to formal rulemaking procedures and therefore does not have binding legal force." (citing *Schweiker v. Hansen*, 450 U.S. 785, 789, 101 S.Ct. 1468, 67 L.Ed.2d 685 (1981))); *see also O'Donnell v. Saul*, 983 F.3d 950, 958 (7th Cir. 2020). Rather, the resolution of the issue before the Court is grounded in governing case law.

As the made clear in *Culbertson*, the cap of twenty-five percent applies only to fees for court representation under § 406(b) and not to the aggregate fees awarded under §§ 406(a) and 406(b). *Culbertson*, 139 S. Ct. at 523. The *Culbertson* Court clarified that, despite the fact that the agency withholds a single pool of money to pay fees under both § 406(a) and § 406(b), the sections contain separate caps on fees for each type of representation and "authorize[] two pools of withheld benefits." *Id.* As the Court continued, "[t]he agency's choice to withhold only one pool of 25% of past-due benefits does not alter the statutory text, which differentiates between agency representation in § 406(a) and court representation in § 406(b), contains separate caps on fees for each type of representation, and authorizes two pools of withheld benefits." *Id.* Consequently, as the Court noted, "[a]ny shortage of withheld benefits for direct payment of fees is thus due to agency policy." *Id.*

The plaintiff argues that, pursuant to this agency policy, the Commissioner refuses to "take any action to ensure that the plaintiff's hearing representative receive[s] his payment of his fee[,]" and, "[a]s a result of the agency's inaction to withhold more than 25% of the back benefits[,]" the plaintiff's hearing representative "has not received any compensation for his work in this case." (Doc. No. 62-1 at 3). The Court is sensitive to the financial predicament of the plaintiff's counsel and the plaintiff's hearing representative, but that predicament does not authorize the Court to order the plaintiff's counsel to transfer the EAJA funds to the plaintiff's hearing representative.

5

In *Culbertson*, the Court recognized the concern of the plaintiffs' social security bar, noting that the Commissioner's current practice of withholding no more than 25% of back benefits results in a "shortage of withheld benefits for direct payment[.]" 139 S. Ct. at 523.  In so noting, however, the Court held that this "shortage of withheld benefits for direct payment and the consequences of such a shortage are best addressed to the agency, Congress, or the attorney's good judgment"— not to the court.  *Id.*  Similarly, within a year of the Supreme Court's decision in *Culbertson*, the Seventh Circuit held that, because, in practice, the agency withholds a single pool of money, "the collection of any § 406 fees above and beyond 25% of past-due benefits is generally a matter between attorney and client." *O'Donnell*, 983 F.3d at 952.  Contrary to the plaintiff's argument in this case, the *O'Donnell* court reiterated, "[t]he Commissioner's practice of withholding only 25% of past-due benefits is long-established policy, not an 'omission or error due to inadvertence.'" *O'Donnell*, 983 F.3d at 958 (citation omitted);[2] *see Culbertson*, 139 S. Ct. at 523.  The plaintiffs' attorneys in these cases, therefore, must negotiate with their clients to collect on the payment of fees not withheld.

Here, as an alternative to having the plaintiff's hearing representative seek direct payment of the $18,515.00 in fees from the plaintiff, plaintiff's counsel seeks an order from this Court permitting him to release the EAJA award to the hearing representative, rather than refund the award to the plaintiff. (Doc. No. 62-1).  According to the plaintiff's counsel, requiring him to refund the EAJA fee to the plaintiff "works an extreme and undue hardship on [the] [p]laintiff's

---

[2] In *O'Donnell*, the plaintiff's counsel had requested that the court direct the Commissioner to pay him the balance of the § 406(b) award (after the EAJA offset) and leave the remaining amount in the Commissioner's hands for future payment of § 406(a) agency fees, also referred to as the "netting method." *Id.* at 953.  The lower court rejected the method requested by counsel and instead awarded counsel the full fee under § 406(b) and required counsel to refund to the plaintiff the EAJA award that he already received (which is what occurred in this case). *Id.* at 954.  On appeal, the Seventh Circuit agreed that the method requested by the plaintiff was permissible under § 406(b)(1) but that courts were not statutorily required to order the refund in this manner. *Id.* at 957.  The Seventh Circuit noted, however, that this "netting method" (payment of the net of the award less the EAJA fees), was disfavored. *Id.*

hearing representative, as this is the only money available to pay the representative for his work." (Doc. No. 62-1 at 3).

There is no dispute that this Court lacks the authority to order the Commissioner to pay the hearing representative's fees under § 406(a). *See Culbertson*, 139 S. Ct. at 522 (noting that § 406(a) addresses fees for representation before the Commissioner, whereas § 406(b) addresses fees for representation in federal court); *see* 42 U.S.C. § 406(a)(3)(C) ("[t]he decision of the administrative law judge or other person conducting the review [under § 406(a)] shall not be subject to further review."). The Court, however, has jurisdiction over the EAJA fee award, but finds no authority to approve the procedure that the plaintiff requests. *See Cutajar v. Comm'r of Soc. Sec.*, 1:19-CV-05569 (SDA), 2021 WL 1541386, at *4 (S.D.N.Y. Apr. 20, 2021).[3]

As the Supreme Court noted in *Gisbrecht*, "an EAJA award offsets an award under Section 406(b), so that the [amount of the total past-due benefits that the claimant actually received] will be increased by the . . . EAJA award up to the point the claimant received 100 percent of the past-due benefits." *Gisbrecht,* 535 U.S. at 796. It is well-settled that, if an attorney received fees under the EAJA and under § 406(b), the attorney must refund the smaller award to the plaintiff. *See id.* ("Fee awards may be made under both prescriptions, but the claimant's attorney must refun[d] to the claimant the amount of the smaller fee."); *see also Wells v. Bowen*, 855 F.2d 37, 42 (2d Cir.

---

[3] Although the plaintiff's counsel points to a recent text entry order from the Eastern District of New York as support for his argument, in that case, unlike the case at hand, the court approved attorney's fees under § 406(b) in an amount less than the 25% cap, and then permitted EAJA fees to be held in escrow to pay the hearing representative. (*See* Doc. No. 66, Ex. A (*Roginksy v. Berryhill*, 2:17-cv-05559-KAM (E.D.N.Y. Mar. 29, 2021)). Here, the Court has already directed that the plaintiff's counsel return the EAJA fees to the plaintiff. Moreover, in *Roginsky*, there is no reference to the fee agreement entered between the plaintiff and federal court counsel, whereas in this case, as discussed below, the fee agreement clearly informs the plaintiff that, "if the court awards my federal court attorney a fee out of my past-due benefits and also awards an EAJA fee for that same work, my federal court attorney must refund the smaller fee to me." (Doc. No. 58-2 at 2).

7

1988) (holding "dual fee applications are not improper as long as the lesser of any two amounts awarded goes to the attorney's client.").

Consistent with this governing case law, the plaintiff and federal court counsel entered into a fee agreement that made clear to the plaintiff, "if the court awards my federal court attorney a fee out of my past-due benefits and also awards an EAJA fee for that same work, my federal court attorney must refund the smaller fee to me." (Doc. No. 58-2 at 2). The Court cannot change the terms of this fee agreement and cannot issue an order that is not only contrary to case law, but that would require the plaintiff's counsel to violate the terms of the fee agreement he entered with his client. Accordingly, the Court declines to adopt the plaintiff's request to alter the judgment in this case and direct plaintiff's counsel to pay the EAJA money to the plaintiff's hearing representative rather than refunding such fees directly to the plaintiff.

IV. <u>CONCLUSION</u>

For the reasons stated above, the plaintiff's Motion to Alter Judgment (Doc. No. 62) is DENIED.

This is not a recommended ruling. The consent of the parties allows this magistrate judge to direct the entry of a judgment of the district court in accordance with the Federal Rules of Civil Procedure. Appeals can be made directly to the appropriate United States Court of Appeals from this judgment. *See* 28 U.S.C. § 636(c)(3); Fed. R. Civ. P. 73(c).

Dated this 21st day of July, 2021 at New Haven, Connecticut.

    /s/Robert M. Spector, USMJ
    Robert M. Spector
    United States Magistrate Judge